LIZZIE BRIEL, Respondent, *v.* THE CITY OF BUFFALO, Appellant.

*Action for personal injuries — motion for a new trial on the ground of newly-discovered evidence.*

When, in an action brought to recover damages for a personal injury, the defendant is abundantly apprised by the complaint of the extent of the claim made or which may be made by the plaintiff upon the trial, he has no right or reason to be surprised by testimony given by the plaintiff as to the extent and permanency of his injury in such a sense as to entitle the defendant, on a motion made after the close of the term at which the case is tried, to a new trial on the ground of newly-discovered evidence tending to show that the plaintiff's injury was not as great as claimed by his witnesses at the trial.

When so apprised, the failure of the defendant to ascertain before the case is moved for trial whether such evidence is available or not, or to move at the trial term for a postponement which will enable him to obtain the necessary witnesses, shows an absence of that due diligence in preparing for trial which is an essential element of the case which a party must make to entitle him to a new trial on the ground of newly-discovered evidence.

APPEAL by the defendant, the city of Buffalo, from a judgment of the Supreme Court, entered in the Erie county clerk's office August 3, 1892, on a verdict for the plaintiff rendered at the Erie Circuit, and from an order made at the Erie Special Term, and entered on the same day, denying its motion for a new trial.

The motion for a new trial was made on affidavits and on the minutes of the court. No notice of motion for a new trial upon the minutes was made at the term at which the action was tried. The order from which this appeal is taken is as follows: "Upon reading and filing the affidavits produced before me by the defendants herein, and the affidavits of plaintiff and others in opposition thereto, and after hearing Phillip A. Laing, counsel for defendant, and Wallace Thayer, counsel for plaintiff, it is now ordered that the application of the defendant for a new trial in the above-entitled action on the judge's minutes be and the same hereby is denied, with ten dollars costs to the plaintiff for opposing the said motion."

*Phillip A. Laing,* for the appellant.

*Wallace Thayer,* for the respondent.

MACOMBER, J.:

This appeal must be treated as one from an order denying the defendant's motion for a new trial upon the ground of newly-discovered evidence, and from the judgment entered in pursuance of the verdict of the jury.

The action was to recover damages for personal injuries sustained by the plaintiff on the 16th day of June, 1890, on Niagara street, in the city of Buffalo, by being thrown from a wagon on account of an obstruction consisting of a pile of dirt in the street lying between Pennsylvania and Jersey streets. At the trial the plaintiff gave evidence, consisting of her own testimony and that of others, tending to show not only that her injuries were considerable, but that they were of a permanent character, preventing her from doing,

as successfully as formerly, ordinary housework. The plaintiff's attending physician, who was called as a witness in her behalf, on cross-examination gave evidence to the effect that plaintiff would, in his opinion, entirely recover from her injuries at the end of three or four months. The verdict was for $1,750.

The moving affidavits, used in behalf of the defendant, are designed to impeach the character of the plaintiff, and to show that her injuries were not as great as her witnesses claimed them to be at the trial. These are met by counter affidavits denying the imputations against the plaintiff's character, and reaffirming the evidence adduced at the Circuit in respect to the extent and permanency of her injuries.

We are of the opinion that if it was the intention of the defendant to deny the facts claimed to exist in behalf of the plaintiff, the time to do so was at the Circuit. The affidavits are insufficient to show that the defendant had any right or reason to be surprised at the nature of the testimony adduced; for it was abundantly apprised of the claim made by the plaintiff in the complaint itself where, among other things, it is alleged that, by reason of the injuries, " this plaintiff suffered and sustained serious and permanent injuries to her head, face, arms, body, limbs and back ; that this plaintiff's head and face were bruised, and her face was wounded, lacerated and grievously injured. * * * That this plaintiff was thereby prevented from using her body, and attending to her usual business and work. * * * That plaintiff was informed and verily believes, that her injury is of a permanent and lasting character ; that her features have been seriously disfigured ; that she is permanently disabled," etc. Through these allegations of the complaint the defendant was fully apprised of the extent of the claim made, or which might be made, by the plaintiff upon the trial. And if it be true that the defendant at that time was unprepared to meet such allegations by proof, and still believed that it could, if given time, be able to do so, its proper course was to apply to the court for a postponement of the trial, in order that the witnesss might be obtained. But no such motion was made. Due diligence would have required the agents of the defendant, with the plaintiff's complaint before them, to ascertain before the case was moved for trial, whether such evidence was available or not, and having failed

to do so, they encountered the objection interposed by one of the cardinal rules governing motions for a new trial made upon the ground of newly-discovered evidence, namely, that due diligence was exercised in preparing for the trial.

The judgment and order appealed from should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.